UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SAMUEL J. FISHER**<br>         **Defendant.** | Case No. 21-cr-0142 (CJN) |

### SAMUEL FISHER'S MOTION FOR VOLUNTARY SURRENDER
### AND TO AMEND THE JUDGMENT

Defendant, Samuel Fisher, through undersigned counsel, respectfully submits this motion seeking permission to voluntarily surrender for the service of his sentence. Mr. Fisher also requests that the judgment in this case be amended to note that the Court does not object to his participation in a particular rehabilitation program being offered by the facility where he is currently incarcerated.[1] Mr. Fisher makes these requests to become eligible for participation in beneficial rehabilitation and temporary release programs while serving his sentence in a separate New York state case.

### BACKGROUND

On July 6, 2022, Mr. Fisher pled guilty in this Court to the misdemeanor offense of entering and remaining in a restricted building or grounds. *See* ECF No. 29. He was later sentenced to 120 days of imprisonment. *See* ECF No. 43 at 2. The Judgment imposing this sentence was filed on October 11, 2022. *Id*. at 1. At the time Mr. Fisher was sentenced, he was in the custody of the New York State Department of Corrections and Community Supervision

---

[1] Mr. Fisher is currently serving a 3 ½ year determinate sentence in the state of New York. He will not begin service of his federal sentence until he completes his New York sentence.

(NYSDOCCS) in connection with a New York state conviction for criminal possession of a weapon in the second degree. Mr. Fisher's sentence in the instant case is "[t]o be served consecutively with New York state case." *See* ECF No. 43 at 2.

Ordinarily, individuals sentenced to incarceration in New York are afforded various opportunities to help rehabilitate themselves. One such opportunity is the Temporary Release Program. The Temporary Release Program allows inmates to be temporarily released from custody (usually for periods that cannot exceed fourteen hours) for such activities as employment, school, industrial training, and community service. A main purpose of this program is "[t]o successfully reintegrate incarcerated individuals into their community and reduce the likelihood of future criminal activity." *See* Exhibit A at 3. To be eligible for this program, an inmate shall not have an "out-of-state or Federal criminal detainer." *See* 7 CRR-NY 1900.4(c)(7)(i)(b). An inmate must also not have an "out-of-state or Federal commitment[]" unless that jurisdiction has "released the inmate in writing, or the sentencing authority has submitted, in writing, that there is no objection to the inmate's participation in temporary release programs." *See* 7 CRR-NY 1900.4(c)(7)(ii)(b).

Unfortunately, because Mr. Fisher was sentenced to a period of incarceration without being allowed to voluntarily surrender, he is currently ineligible to participate in New York's Temporary Release Program. His commitment to custody when he was sentenced in the instant case has resulted in both a federal criminal detainer and a federal commitment. In accordance with 7 CRR-NY 1900.4(c)(7), the detainer and commitment preclude Mr. Fisher from participating in NYSDOCCS's Temporary Release Program.

This Court was never made aware of the impact the detainer and commitment would have on Mr. Fisher's ability to benefit from rehabilitative programs within NYSDOCCS. Indeed,

neither Mr. Fisher, his counsel, nor the government were apparently aware that a detainer or commitment would deny Mr. Fisher the opportunity to participate in New York's Temporary Release Program.  If it was known at the time of Mr. Fisher's sentencing that he would be unable to participate in rehabilitative programs due to a detainer or commitment, the barrier to his participation in these programs could have easily been remedied without altering the sentence this Court ultimately imposed.  Mr. Fisher's counsel could have simply asked this Court to permit Mr. Fisher to voluntarily surrender to a federal facility for the service of his federal sentence after the completion of his New York sentence.  Mr. Fisher's counsel could have also requested that this Court note in the judgment that it has no objection to Mr. Fisher's participation in NYSDOCCS's Temporary Release Program.  Granting these basic requests would have allowed this Court to make Mr. Fisher eligible for the Temporary Release Program without changing the length of Mr. Fisher's sentence or the decision to run his federal sentence consecutive with his New York sentence.

## **DISCUSSION**

In order for Mr. Fisher to participate in NYSDOCCS's Temporary Release Program, he requests both (1) permission to voluntarily surrender for the service of his federal sentence, and (2) issuance of an amended judgment stating that the Court does not object to Mr. Fisher's participation in NYSDOCCS's Temporary Release Program.  Mr. Fisher requests permission to voluntarily surrender to avoid preclusion from the Temporary Release Program due to a federal criminal detainer. [2]  He also respectfully requests a written statement from this Court not

---

[2] An additional benefit to voluntary surrender is that it will allow Mr. Fisher to avoid the inevitable lengthy and unpleasant experience associated with the transfer of inmates from state facilities to federal custody.  The Court may recall the unfortunate experience Mr. Fisher endured when he was transferred from New York to Washington, D.C., at the beginning of this case.

objecting to his participation in the Temporary Release Program to avoid ineligibility from that program based on a federal commitment.

      This Court can grant Mr. Fisher's requests to voluntarily surrender and amend the judgment without making any substantive change to the sentence that has already been imposed.[3] Neither request seeks to alter the length of his sentence, the terms of his supervision, or the amount of any fine or restitution.  Granting Mr. Fisher's request does not change the consecutive nature of the sentence imposed or anything else about how Mr. Fisher will serve his sentence.  Mr. Fisher's request for voluntary surrender only impacts the way in which he arrives at the facility where he will serve his federal sentence.  And his request to have the judgment state that this Court does not oppose his participation in the Temporary Release Program has no bearing on his federal sentence; it only impacts programs he can participate in while serving his *state* sentence.

      Granting this motion will afford Mr. Fisher an effective and important opportunity to continue his rehabilitation.  He has already made significant efforts toward his rehabilitation by serving as an Inmate Program Aid at his current place of incarceration.[4]  He also has an institutional status of "perfect custodial adjustment" due to his unblemished behavioral record.  Mr. Fisher wants to continue his progress by enrolling in the Temporary Release Program.  He is particularly interested in participating in the work release, educational release, industrial training, and community service components of NYSDOCCS's Temporary Release Program.  The work

---

[3] District courts may make amendments to judgments that do not substantively alter the imposed sentence. Fed. R. Crim. P. 36, for example, allows courts "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." *See, e.g., United States v. Jackson*, 920 F.Supp.2d 51 (D.D.C. 2013) (sentencing court has authority to amend judgment by striking language in judgment requiring defendant to serve first four months of supervised release in home confinement with radio frequency).

[4] Serving as an Inmate Program Aid is a unique opportunity for a select group of inmates to act as teacher's assistants within the facility.

release program will allow Mr. Fisher to leave the New York facility where he is serving his sentence "for a period not exceeding 14 hours in any day for the purpose of on-the-job training or employment." 7 CRR-NY 1903.1(a).  He intends to use this program to learn new job skills that will make him more marketable when he returns to the community after completing both sentences.

Mr. Fisher is also interested in the educational release program.  Through that program, he may leave the New York facility where he is incarcerated "for a period not exceeding 14 hours in any day for the purpose of educational or vocational training." 7 CRR-NY 1903.1(b).  Mr. Fisher plans to take advantage of every available educational and vocational opportunity that will help improve his employment prospects when he is eventually released to the community.

The Industrial Training Leave Program (ITL) assigns inmates "to the supervision of a Federal, State, county or local government employee . . . to assist such governmental employees in performing their job assignments." 7 CRR-NY 1903.1(d).  ITL participants may leave the facility for up to 14 hours each day and are typically housed at Hudson Correctional Facility in Hudson, NY.  Participants are transported daily, Monday through Friday, to Corcraft by bus service.  Corcraft is a division within the NYSDOCCS that manufactures metal and wood products, road signs, clothing, maintenance products, eyeglasses, and office furniture.  Mr. Fisher would have the opportunity to learn skills such as being a fork-lift driver, warehouse operations, laborer, support operations, drafting aide, installation and repair, office assistant, and custodial maintenance.

Finally, Mr. Fisher wants to assist the community by participating in NYSDOCCS's community service program.  Like the work release, educational release, and ITL programs, inmates participating in the community service program are released into the community for no

5

more than 14 hours each day. 7 CRR-NY 1903.1(c). Inmates in the community services program participate in "volunteer or community service work projects." *Id.*

Mr. Fisher will be required to adhere to strict rules and regulations if he is allowed to participate in any Temporary Release Program. The commission of a crime while on temporary release, absconding or attempting to abscond from the program, or making threats to others is not tolerated and will result in an inmate's removal from the program. *See* 7 CRR-NY 1904.1(c). Inmates are also removed from the program for less serious misconduct such as demonstrating a "poor attitude" or showing a "lack of motivation." *Id*. Mr. Fisher is fully aware of the strict nature of the Temporary Release Program, and he is confident that he will do well in the program if given an opportunity to participate.

If Mr. Fisher is permitted to voluntarily surrender, he will be on community supervision in New York during the period between his release from custody in New York and when he reports to the Bureau of Prisons. Because Mr. Fisher's New York sentence includes three years of post-release supervision, he will be reporting to a parole officer in New York immediately upon his release. In addition to being monitored by a New York parole officer, Mr. Fisher's history indicates that he will abide by all rules and requests associated with reporting for the service of his federal sentence. Undersigned counsel is not aware of any blemish on Mr. Fisher's record that would suggest that he will fail to report for his sentence. And, based on the Criminal Docket in the instant case and undersigned counsel's understanding, Mr. Fisher repeatedly proved his willingness to comply with orders from this Court by never violating any of his pretrial release conditions.

WHEREFORE, based on the above-stated reasons, and any other the Court finds just and proper, Mr. Fisher respectfully requests that the Court permit him to voluntarily surrender and

note in his judgment that the Court does not object to his participation in NYSDOCCS's Temporary Release Program.[5]

                                  Respectfully submitted,

                                  */s/ Jonathan Jeffress*
                                  Jonathan Jeffress (D.D.C. Bar No. 479074)
                                  KaiserDillon PLLC
                                  1099 14th St. NW, 8th Floor West
                                  Washington, D.C. 20005
                                  Phone: (202) 640-2850
                                  Fax: (202) 280-1034
                                  jjeffress@kaiserdillon.com

---

[5] Granting this motion will allow the parties to avoid the unnecessary expenditure of resources litigating a Sixth Amendment claim based on the failure to make these requests to the Court for Mr. Fisher at his sentencing hearing.