UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SAMUEL J. FISHER**<br>  **Defendant.** | Case No. 21-cr-0142 (CJN) |

### SAMUEL FISHER'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION FOR VOLUNTARY SURRENDER AND TO AMEND THE JUDGMENT

Defendant, Samuel Fisher, through undersigned counsel, respectfully submits this reply to the Government's Response to Motion for Voluntary Surrender and to Amend the Judgment. Significantly, apparently in recognition that Mr. Fisher by his motion is seeking to positively further his rehabilitation, the government "has no substantive objection to the relief." ECF No. 47 at 1. The only hesitation articulated by the government is that "it is not clear that [Mr. Fisher] has established this Court's authority to grant the relief he requests." *Id.* As set forth in Mr. Fisher's initial motion (*See* ECF No. 46) and in more detail below, this Court has the authority to grant the relief Mr. Fisher seeks.

Because neither request Mr. Fisher makes in his Motion for Voluntary Surrender and to Amend the Judgment[1] asks this Court to make a *substantive* change to Mr. Fisher's sentence or the judgment, this Court has authority to grant Mr. Fisher's motion. *See United States v. Jackson*, 920 F. Supp. 2d 51 (D.D.C. 2013). The Federal Rules of Criminal Procedure is one

---

[1] In his motion, Mr. Fisher makes two requests. First, he asks for permission to voluntarily surrender for the service of his sentence. Second, he requests a notation in the judgment indicating that this Court does not object to Mr. Fisher's participation in the Temporary Release Program while he serves his sentence for a separate conviction in the state of New York.

specific source upon which the Court can rely to grant the requested relief.  Under Rule 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  As discussed in Mr. Fisher's original motion, the errors Mr. Fisher seeks to correct occurred because of oversight and omission.[2]

The relief Mr. Fisher seeks is similar to the relief Judge Friedman gave in *United States v. Jackson, supra*.  In *Jackson*, the Court agreed that it was proper to remove language from a sentencing judgment that was filed nine months earlier based on an oversight at the sentencing hearing.  At a hearing where Mr. Jackson was being sentenced for violations of supervised release, the Court sentenced Mr. Jackson to nine months imprisonment to be followed by twenty-four months of supervised release.  920 F. Supp. 2d at 52.  The Court stated that the conditions of supervised release will be the same as those previously imposed.[3]  *Id.*  One of the previously imposed conditions was that Mr. Jackson was to serve a period of four months on home confinement with radio frequency monitoring.  *Id*. at 51-52.  Because four months of home confinement was a previously imposed condition, the supervised release sentencing judgment stated that Mr. Jackson shall serve a period of four months home confinement during his second term of supervised release.  *Id*. at 52.

---

[2] At the time of Mr. Fisher's sentencing, neither his counsel nor counsel for the government were aware of the various rehabilitation programs, including the Temporary Release Program, that would benefit Mr. Fisher while serving his state sentence in the New York prison system.  Moreover, neither counsel knew that both a federal criminal detainer and commitment would make Mr. Fisher ineligible for the Temporary Release Program.  Due to this oversight, there was no effort to avoid a federal detainer or commitment at Mr. Fisher's sentencing hearing to make him eligible for the Temporary Release Program.  If the oversight did not occur, this Court could have imposed the same sentence while also making Mr. Fisher eligible for the Temporary Release Program by permitting him to self-surrender and expressing the Court's consent with his participation in that program.

[3] A prior period of supervised release was imposed when Mr. Jackson was originally sentenced for the underlying offense.

While the issue of whether the "same conditions" of supervised release included home confinement was not discussed at Mr. Jackson's supervised release sentencing hearing, the imposition of an additional period of home confinement was *not* the court's intent. *Jackson* at 52 ("the Court did not intend to impose a requirement of four months of home confinement with radio frequency monitoring"). To correct the unintended consequences from this oversight at Mr. Jackson's hearing, the Court amended the judgment by deleting the home confinement condition. *Id*. at 52-53. Similarly, in Mr. Fisher's case, this Court may grant the non-substantive relief Mr. Fisher is seeking to correct matters arising from oversight and omission at Mr. Fisher's sentencing hearing.

WHEREFORE, based on the above-stated reasons, and any other the Court finds just and proper, Mr. Fisher respectfully requests that the Court permit him to voluntarily surrender and note in his judgment that the Court does not object to his participation in NYSDOCCS's Temporary Release Program.

Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
KaiserDillon PLLC
1099 14th St. NW, 8th Floor West
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com