UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>SAMUEL J. FISHER<br>  Defendant. | Case No. 21-cr-0142 (CJN) |

## SAMUEL FISHER'S MOTION TO VACATE DETAINER AND FOR VOLUNTARY SURRENDER

Defendant, Samuel Fisher, through undersigned counsel, respectfully submits this motion to vacate his federal detainer and for permission to voluntarily surrender for the service of his federal sentence. Mr. Fisher makes this request because the New York State Department of Corrections and Community Supervision ("NYSDOCCS") has recently notified Mr. Fisher that the federal detainer from the instant case continues to render him ineligible for participation in rehabilitative programs involving temporary release while serving his New York state sentence. Because Mr. Fisher has now unsuccessfully exhausted the NYCSDOCCS administrative process, he respectfully submits the instant motion for relief.

### BACKGROUND

On July 6, 2022, Mr. Fisher pled guilty in this Court to the misdemeanor offense of entering and remaining in a restricted building or grounds. *See* ECF No. 29. He was later sentenced to 120 days of imprisonment.[1] *See* ECF No. 43 at 2. The Judgment imposing this

---

[1] Because Mr. Fisher was detained in this case between his arrest in January 2021 and his presentment before this Court in March 2021, he has already served nearly two months of his four-month federal sentence.

sentence was filed on October 11, 2022. *Id*. at 1. At the time Mr. Fisher was sentenced, he was in the custody of NYSDOCCS in connection with a New York state conviction for criminal possession of a weapon in the second degree. Mr. Fisher's sentence in the instant case is "[t]o be served consecutively with [his] New York state case." *See* ECF No. 43 at 2. Also, on the judgment form, a box was checked indicating that Mr. Fisher "is remanded to the custody of the United States Marshal." *Id.*

On October 25, 2022, after learning that his sentence in the instant case precluded him from participating in temporary release rehabilitative programs offered by NYSDOCCS while serving his New York sentence, Mr. Fisher filed a Motion for Voluntary Surrender and to Amend the Judgment ("Motion"), so that he could be eligible for participation in these programs. *See* ECF No. 46.[2] The government filed a response indicating that, while it had "no substantive objection to the relief" Mr. Fisher was seeking, it was unsure about the Court's authority to amend the Judgment at that time. *See* ECF No. 47 at 1.

This Court held a hearing on Mr. Fisher's Motion on November 18, 2022. At the hearing, all parties and the Court agreed that it was desirable to remove barriers preventing Mr. Fisher from being eligible for participation in NYSDOCCS's temporary release rehabilitative programs. Everyone, including the Court, agreed that Mr. Fisher should be able to participate in the temporary release programs and that such programs will assist in his rehabilitation. Because there was agreement about the importance of getting Mr. Fisher into the temporary release programs, the only issue raised at the hearing was the extent to which the Court has the authority to assist Mr. Fisher. After discussing such options as amending the Judgment, releasing Mr.

---

[2] A detailed discussion about NYSDOCCS's temporary release programs and how Mr. Fisher's sentence in this case is precluding him from participating in those programs is set forth in his Motion, which is incorporated herein by reference. *See* ECF No. 46.

Fisher after the Court initially committed him, and issuing a separate Notice stating that the Court does not object to Mr. Fisher's participation in NYSDOCCS's temporary release programs, the Court took the matter under advisement.

On November 29, 2022, the Court entered a written Notice stating "that the Court has no objection to, and in fact supports, the Defendant's participation in temporary release programs." *See* ECF No. 50.  The Court noted that it was issuing its statement in response to New York Comp. Codes R. & Regs. Title 7 CRR-NY 1900.4(c)(7)(ii)(b).[3]  *Id.* The Court's Notice also addressed a separate provision that precludes inmates from participating in NYSDOCCS's temporary release programs based upon a "Federal criminal detainer," by clarifying that "no portion of the Judgment was intended to have that effect."  *Id.*; *see also* 7 CRR-NY 1900.4(c)(7)(i)(b) (inmates are ineligible for temporary release programs if they have an "out-of-state or Federal criminal detainer").

Unfortunately, despite this Court's November 29, 2022, Notice, Mr. Fisher was recently informed by NYSDOCCS that he is not eligible to participate in its temporary release programs. On or about April 6, 2023, Mr. Fisher and his representative were informed by the Director of Temporary Release, Priscilla Ledbetter, that he will "never be deemed eligible" for temporary release unless the detainer "goes away."  Thus, according to NYSDOCCS, although this Court's November 29, 2022, Notice specifically stated that the Judgment in the instant case was not intended to act as a detainer, this statement did not remedy Mr. Fisher's ineligibility for

---

[3] 7 CRR-NY 1900.4(c)(7)(ii)(b) bars participation in NYSDOCCS temporary release programs by inmates with an "out-of-state or Federal commitment[]," unless that jurisdiction has "released the inmate in writing, or the sentencing authority has submitted, in writing, that there is no objection to the inmate's participation in temporary release programs."

3

temporary release programs, because an "out-of-state or Federal criminal detainer," 7 CRR-NY 1900.4(c)(7)(i)(b), still exists.

## DISCUSSION

To render Mr. Fisher eligible for NYSDOCCS's Temporary Release Program, he requests that this Court vacate the detainer that continues to render him ineligible for these programs under 7 CRR-NY 1900.4(c)(7)(i)(b). Mr. Fisher requests that, in lieu of the detainer, the Court order him to report to the United States Probation Office within 72 hours of his release from custody in his New York case, so that he can voluntarily surrender for the service of his federal sentence. If Mr. Fisher's request is granted, and the detainer is vacated, then Mr. Fisher will be eligible to participate in the temporary release programs and the NYSDOCC can begin the process of determining whether he will be approved for any specific program. After his release from custody in New York, undersigned counsel understands that Mr. Fisher must immediately report to both the parole office in New York[4] and the United States Probation Office.[5] Both agencies will supervise Mr. Fisher during the brief voluntary surrender period and the United States Probation Office will provide Mr. Fisher with instructions for his voluntary surrender to serve his federal sentence. He will be supervised in the community only until he must report to a United States Bureau of Prisons (BOP) facility on the date designated by the BOP for the service of his sentence in the instant case.

---

[4] Because Mr. Fisher's New York sentence includes three years of post-release supervision, he will be reporting to a parole officer in New York immediately upon his release.

[5] Consistent with the Judgment in the instant case, Mr. Fisher proposes that his reporting obligation to the United States Probation Office after his release in New York require him to "report to the probation office in the federal judicial district where [he is] authorized to reside within 72 hours of [his] release from imprisonment, unless the probation office instructs [him] to report to a different probation office or within a different time frame." *See* ECF No. 43.

As discussed in Mr. Fisher's initial Motion, his Reply to the government's Response, and at the November 18, 2022, hearing, this Court has ample authority to grant the relief Mr. Fisher requests. Mr. Fisher seeks a straightforward order vacating the detainer and converting his manner of reporting to one involving voluntary surrender. This is an act that the Court plainly has authority to do. *See Dietz v. Bouldin*, 579 U.S. 40 (2016) (the Supreme Court "has long recognized that a district court possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases'" (quoting *Link v. Wabash R. Co.*, 370 U.S. 626 (1962))).

To the extent the Court's Judgment is implicated at all here—and Mr. Fisher respectfully submits that it is not—the standardized Judgment form stating that he is "remanded to the custody of the United States Marshal," is not a part of this Court's sentence or judgment. This language on the Judgment form relates only to when Mr. Fisher is placed in custody; it has nothing to do with his actual sentence or judgment. A change from remand to release does not impact the length of his sentence, change the terms of his supervision, alter any fine or restitution, modify the consecutive nature of the sentence imposed, or relate to any portion of his sentence. Rather, permitting Mr. Fisher to voluntarily surrender changes only the way in which he shall report for the service of that sentence. Currently, he is to be transferred to a BOP facility by the United States Marshals Service. If he is released, he will report to the BOP facility on his own. Because allowing Mr. Fisher to self-surrender does not alter the terms of his sentence, it is within the Court's authority to grant Mr. Fisher's request, regardless of any issue with the Judgment.

In *United States v. Harper*, for example, the district court found that it had authority "to stagger the times within which [two] Defendants [would] be required to surrender" for the service of their sentences after judgment was entered, because granting such relief "does not require the Court to alter the sentence already imposed." *United States v. Harper*, No. CRIM A 504-CR-17(HL), 2008 WL 4202519, at *2 (M.D. Ga. Sept. 9, 2008). When the relief requested by a party may be accomplished "without having to amend the Judgment," the court has authority to grant that relief. *Id.*[6]

It is in the interest of justice to grant Mr. Fisher's request, vacate his federal detainer, and permit him to voluntarily surrender. Granting his request will make him eligible for an effective and important opportunity to continue his rehabilitation before completing his New York sentence.[7] Participation in the NYSDOCCS temporary release programs in which Mr. Fisher has an interest will provide him with new job skills, educational and vocational training, and an opportunity to do volunteer community service work. And Mr. Fisher has demonstrated that there is no reason for concern about his compliance during any potential period of release between the completion of his New York sentence and the beginning of the service of his federal sentence: Mr. Fisher never violated any of his pretrial release conditions when on pretrial release

---

[6] Additionally, as noted previously, district courts may make amendments to judgments that do not substantively alter the imposed sentence. Fed. R. Crim. P. 36, for example, allows courts "at any time [to] correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." *See, e.g., United States v. Jackson*, 920 F.Supp.2d 51 (D.D.C. 2013) (sentencing court has authority to amend judgment by striking language in judgment requiring defendant to serve first four months of supervised release in home confinement with radio frequency).

[7] Mr. Fisher already has made significant efforts at rehabilitation during his incarceration in New York. He has earned approximately 33 college credit hours; he has successfully completed several paralegal courses; he is actively learning skills in the electrical and plumbing fields weekly; he serves as an Inmate Program Aid; and he has earned the institutional status of "perfect custodial adjustment" due to his unblemished behavioral record.

for approximately thirteen months in the instant case, and there is nothing in his record to suggest that he will fail to report for the service of his relatively brief federal sentence.

WHEREFORE, Mr. Fisher respectfully requests that the Court vacate the detainer and permit him to voluntarily surrender, so that he may be eligible to participate in NYSDOCCS's Temporary Release Program.

Respectfully submitted,

*/s/ Jonathan Jeffress*
Jonathan Jeffress (D.D.C. Bar No. 479074)
**KaiserDillon PLLC**
1099 14th St. NW, 8th Floor West
Washington, D.C. 20005
Phone: (202) 640-2850
Fax: (202) 280-1034
jjeffress@kaiserdillon.com