UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 1:21-cr-142 (CJN) |
| v. : | |
| : | |
| SAMUEL FISHER, : | |
| : | |
| Defendant : | |

**GOVERNMENT'S RESPONSE TO MOTION
TO VACATE DETAINER AND FOR VOLUNTARY SURRENDER**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the defendant's Motion to Vacate Detainer and for Voluntary Surrender (Doc. No. 51). As explained below, the government does not oppose the defendant's motion.

On the merits, as previously explained, the government has no substantive objection to the relief requested by the defendant. *See* ECF No. 47 at 1. As for the Court's authority, while Federal Rule of Criminal Procedure 36 does not affirmatively create the authority invoked by the defendant, the relief requested in the defendant's motion appears to fall within the Court's interstitial authority to manage its own affairs so as to achieve the orderly disposition of cases.

Federal Rule of Criminal Procedure 36—the source of authority cited by the defendant in his original motion (Doc. No. 46 at 4 n.3)—provides exceedingly narrow grounds for amending final judgments. It states: "After giving any notice it considers appropriate, the court may at any time correct a *clerical error* in a judgment, order, or other part of the record, or correct an *error* in the record *arising from oversight or omission*." Fed. R. Crim. Proc. 36 (emphases added). The issue raised in the defendant's motion—that the Court did not *sua sponte* order him to voluntarily surrender, based on considerations of New York prison regulation that the defendant did not raise

1

until after judgment—cannot be reasonably construed as a "clerical error" or as an "error … arising from oversight or omission."  Accordingly, to the extent the defendant purports to rely on Rule 36, his request is meritless.

Nevertheless, as the defendant observes, district courts also possess certain residual powers "'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962)).  Importantly, those "limited" powers must (i) "be a reasonable response to a specific problem"; and (ii) "cannot contradict any express rule or statute."  *Id.*  The power to supersede, under the unusual circumstances of this case, a still-unexecuted order remanding the defendant to the custody of the U.S. Marshal with an order allowing the defendant to voluntarily surrender upon completing his current term of incarceration in state prison appears to satisfy both requirements.  Such a power is a reasonable response to a specific problem, at least in the unusual circumstances and posture of this case.  And it does not contradict or circumvent any express statute or rule, as it neither alters the substance of the sentence imposed[1] nor enlarges the courts' narrow authority under Rule 36 to correct a criminal "judgment," as that term is used in the Federal Rules of Criminal Procedure.  *See* Fed. R. Crim. P. 32(k)(1) (requiring courts to include "[i]n the judgment of conviction" "the plea, the jury verdict or the court's findings, the adjudication, and the sentence," but not specifying the mode of surrender).

Accordingly, the government does not oppose the relief sought in the defendant's motion.

---

[1]     *See, e.g.*, 18 U.S.C. § 3582(c) ("The court may not modify *a term of imprisonment* once it has been imposed except" under limited, statutorily defined circumstances (emphasis added)).

May 12, 2023                    Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          UNITED STATES ATTORNEY
                                          D.C. Bar No. 481052

                     By:    */s/ Francesco Valentini*
                                          Francesco Valentini
                                          D.C. Bar No. 986769
                                          Trial Attorney
                                          United States Department of Justice
                                          Criminal Division, Appellate Section
                                          Detailed to the D.C. United States Attorney's Office
                                          601 D Street NW
                                          Washington, D.C. 20530
                                          (202) 598-2337
                                          francesco.valentini@usdoj.gov